IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

LEON D. FORD,

    *Plaintiff*

v.                                                                                         Docket No.: 2:13-cv-01364

                                                                                 Honorable Maureen P. Kelly

POLICE OFFICER DAVID DERBISH,                     United States Magistrate Judge
POLICE OFFICE MICHAEL KOSKO, and
POLICE OFFICER ANDREW MILLER.

    *Defendants.*

PLAINTIFF'S MOTION TO STRIKE WILLIAM BEST AS AN EXPERT AND EXCLUDE HIM FROM SUPPLYING EVIDENCE AND OR TESTIMONY AT THE TIME OF TRIAL

    AND NOW, comes the Plaintiff Leon D. Ford, by and through his counsel, Monte J. Rabner, Esquire, Rabner Law Offices, P.C., and respectfully sets forth the following for the consideration of this Honorable Court:

1. The Plaintiff filed an Amended Complaint in the within matter on April 3, 2014 alleging claims of excessive force, in violation of his Constitutional Rights, when he was shot five times during a motor vehicle stop that occurred on November 11, 2012.

2. From there, extensive discovery has been undertaken by the Plaintiff including over twenty depositions and countless requests for production of documents and interrogatories.

3. Trial is scheduled to commence in this matter on September 18, 2017.

4. The Plaintiff timely submitted all of his Expert Reports to Defendants on April 4, 2017.

5. The Defendants' deadline for their Reports was May 12, 2017, with the exception of their Economist's Report, which is due on May 17, 2017 by virtue of this Court's Order issued on April 28, 2017 (See ECF Doc. No 252).

6. The Defendants submitted a package containing six (6) Expert Reports, and identified their Economist on May 12, 2017. As part of the package, the Defendants identified William Best as an Expert, and averred the following:

    a. Witness is expected to testify as to the work performed in this case as a Scientist employed by the Allegheny County Medical Examiner's Office, which was previously set forth in his testimony at the criminal trial and at his deposition on July 14, 2015.
    b. Plaintiff's Counsel has criminal trial transcript of Mr. Best's testimony. (If another copy is requested, Defendants can provide to counsel.)
    c. Plaintiff's counsel has the deposition of Mr. Best (7/14/15). (If another copy is requested, Defendants can provide to counsel).
    d. Plaintiff's Counsel has the Case File and the Allegheny County Office of the Medical Examiner Reports pursuant to Plaintiff's Subpoena dated July 14, 2015. (If another copy is requested, Defendants can provide to counsel).

7. There was no Report attached regarding the Opinions of Mr. Best and the timeframe in which the Defendants can submit the same has passed.

8. Rule 26 (a)(2)(B) outlines the instances, as well as requirements, depicting when witnesses must provide a written report, if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The Rule goes on to dictate that which must be contained in such a Report.

9. Clearly, Mr. Best as a scientist employed by the Allegheny County Medical Examiner's Office, fits within the classification of what Rule 26(a)(2)(B) defines as an Expert – that is one who is either retained or specially employed to provide expert

testimony or one whose duties as the party's employee regularly involve giving expert testimony. As a result, a written Report is required.

10. The Federal Rules of Civil Procedure provide a remedy for failing to comport with timely disclosure of Experts and their Reports. Rule 37(c) provides that the party failing to make timely disclosures "is not allowed to use that information or witnesses to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

11. Here, the Defendants intentionally did not include a Report for Mr. Best evidently because he testified during the criminal trial and during deposition. Using this logic, the Plaintiff would not have had to advance reports of Michael Brasfield or David Bizzak because both of these individuals testified at the Plaintiff's criminal trial and would be providing opinions consistent herein.

12. This logic, however, is nonsensical. It is unreasonable to simply aver that an individual, identified as an Expert, who will be providing scientific opinions regarding his work as a Scientist employed by the Allegheny County Medical Examiner's Office, not be expected to provide a report. It is even more unreasonable to make the broad, vague, assertion that this individual will be testifying similar to that which he did previously – both at trial and at deposition – and not indicate Mr. Best's opinions and basis upon which the same are based.

13. Plaintiff is entitled to be put on notice of the specific opinions held by Mr. Best relative to the subject matter of the within ligation. It is not Plaintiff's duty to sift through hours of deposition testimony to attempt to glean Mr. Best's actual expert opinions from the answers provided. Moreover, as for Mr. Best's testimony at a

criminal trial, only limited issues were deemed relevant in said proceedings and as a result, "opinions" relative to the current matter were never solidified. For Plaintiff to proceed as the Defendants suggest, based on prior testimony, would place the peril at peril in a matter of serious importance.

14. Accordingly, since the Defendants' deadline to produce their Expert Reports have passed, the Plaintiff requests this court to preclude the Defendants from calling William Best as an Expert and preclude him from offering Expert testimony, with regard to the incident involving the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests this Court to preclude the Defendants from calling William Best as an Expert and preclude him from offering Expert testimony, in the form of scientific opinions, with regard to the incident involving the Plaintiff.

Respectfully submitted,

/s/ Monte J. Rabner
Monte J. Rabner, Esquire
PA ID No. 68251
Rabner Law Offices, P.C.
222 Boulevard of the Allies
Floor 2

CERTIFICATE OF SERVICE

  I, Monte J. Rabner, Esquire, do hereby certify that the foregoing Motion was electronically filed with the Clerk of Court's Office on May 17, 2017, using the CM/ECF System, which sends notification of the filing of the same to all counsel of record in this matter as noted hereinafter:

Estelle K. McGrath
Paul D. Krepps
April L. Cressler
Allison N. Genard
Marshall Dennehey Warner Coleman & Goggin
600 Grant Street
Suite 2900
Pittsburgh PA 15219

/s/ Monte J. Rabner, Esquire
Counsel for Leon D. Ford