IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON D. FORD,<br>    Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 13-1364 |
| CITY OF PITTSBURGH; POLICE<br>OFFICER DAVID DERBISH; POLICE<br>OFFICER MICHAEL KOSKO and<br>POLICE OFFICER ANDREW MILLER,<br>    Defendants. | ) ) ) ) ) ) ) | Chief Magistrate Judge Maureen P. Kelly |
| POLICE OFFICER DAVID DERBISH;<br>POLICE OFFICER MICHAEL KOSKO<br>and POLICE OFFICER ANDREW<br>MILLER,<br>    Cross-Claim Plaintiffs, | ) ) ) ) ) ) | Re: ECF No. 275 |
| vs. | ) ) | |
| CITY OF PITTSBURGH,<br>    Cross-Claim Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Presently before the Court is Defendants' Motion to Bifurcate. ECF No. 275. Defendants have also filed a Memorandum of Law in Support of Defendants' Motion to Bifurcate. ECF No. 276. Plaintiff opposes the instant motion and has filed a Response to Defendants' Motion to Bifurcate and Brief in Opposition. ECF Nos. 280 and 281. For the reasons that follow, the Motion to Bifurcate is denied.

**I. FACTUAL BACKGROUND**

This case arises from a traffic stop by Defendant Andrew Miller ("Miller') and another City of Pittsburgh police officer, Michael Kosko ("Kosko"), on November 11, 2012 at 9:33 p.m.

Plaintiff provided his driver's license, proof of insurance and vehicle registration to Kosko. In response to questions from the officers, Plaintiff was asked whether he was another person, named Lamont Ford. Plaintiff denied that he was Lamont Ford. At some point, Kosko responded to Plaintiff by yelling, "Fuck you. You are fuckin lying to a cop." ECF No. 206 at 4.

At approximately 9:46 p.m., Defendant Miller and Defendant David Derbish ("Derbish") approached Plaintiff's car, at which time Defendant Derbish went to the passenger side of the car. Id.

It is undisputed that Defendant Miller did not observe any firearm or ammunition in Plaintiff's vehicle. However, Defendants maintain that Defendant Derbish observed a bulge in Plaintiff's sweatpants at this time, which he pointed out to Defendant Miller. Defendant Miller then decided to pat Plaintiff down outside of the vehicle. Id.

At approximately 9:48 p.m., Defendant Kosko opened Plaintiff's door. The officers verbally communicated their desire for Plaintiff to get out of the car.[1] Plaintiff remained in the car, anchoring his hand on the gear shift. Defendant Miller attempted to physically pull Plaintiff from the car. Id. At approximately 9:49 p.m., Defendant Derbish climbed into Plaintiff's car from the passenger side.[2] Id. at 5. Mere seconds later, the car moved forward with Plaintiff and Defendant Derbish inside.[3] Id. Mere seconds after the car started to move, Defendant Derbish shot Plaintiff multiple times, in rapid succession, stopping only when Plaintiff was slumped over the steering wheel. The car crashed into a set of stairs at a residence a few houses down the

---

[1] Defendants maintain that Defendant Miller and Kosko asked Plaintiff to step out of the car several times. ECF No. 182 ¶ 17. Plaintiff maintains that the officers never instructed him to exit the car, but instead told him, "you'll get your black ass out of the car if we want your black ass out of the car." ECF No. 191 ¶ 41; ECF No. 202 ¶ 17. Plaintiff testified that he was "terrified" and "scared" by these remarks and that the two officers had become "aggressive and combative." ECF No. 192-4 at 68, 73-75.

[2] It is undisputed that Defendant Derbish entered Plaintiff's vehicle while it was still running. ECF No. 199 at 5.

[3] Defendant Derbish testified that he was uncertain what caused the vehicle to move forward. ECF No. 191-10 at 13. Plaintiff testified that he does not know how the vehicle moved forward. ECF No. 192-4 at 90.

2

street from the location of the stop. Following the crash, no weapon was found on Plaintiff's person or in his vehicle. Id.

Plaintiff testified at his deposition that, as a result of the shooting by Defendant Derbish, three bullets entered his chest, one bullet entered his arm and one bullet entered his hip. Id. Due to injuries sustained from the shooting, Plaintiff was hospitalized for months and underwent multiple surgeries. His spine is completely severed at the T5 level and he suffers permanent paralysis. Id.

## II. PROCEDURAL POSTURE

As a result of this Court's ruling on the Motions for Summary Judgment, the following claims remain for trial: Counts I and II – Section 1983 excessive force against Defendant Derbish; Count IV – assault and battery against Defendant Derbish and Count VI – assault and battery against Defendant Miller. The cross-claim for indemnification against the City of Pittsburgh also remains. ECF Nos. 206 and 207. The trial of these claims is scheduled to commence on September 18, 2017. ECF No. 235.

## III. DISCUSSION

Defendants request that this Court exercise its discretion to bifurcate the liability and damages phases of the trial of this case. Specifically, Defendants move to bifurcate on five grounds. First, the separation of liability and damages will present unfair prejudice to the Defendants. Second, the issues surrounding liability are separate and distinct from the issues surrounding damages. Third, the resolution of the liability issues in favor of Defendants would obviate the damage phase of the trial. Fourth, the severance of issues would reduce the amount of evidence and enhance juror comprehension. Fifth, the separation of issues will promote

judicial economy and possibly save the parties from unnecessary litigation costs. ECF No. 276 at 2.

Plaintiff opposes the Motion to Bifurcate and requests that it be denied for the following reasons: (1) no actual unfair prejudice has been described by the Defendants; (2) the issues surrounding liability are interwound with the issues surrounding damages; (3) resolution of liability in favor of Defendants would not obviate the damage phase as damage evidence is also necessary for the liability phase; (4) severance of issues would actually compound the amount of evidence; and (5) judicial economy would be best served by trying the case in the traditional fashion. ECF No. 281 at 2.

Pursuant to Federal Rule of Civil Procedure 42, a trial court may, in its discretion, bifurcate a trial. The rule expressly provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). The decision to bifurcate, and the manner in which bifurcation is ordered, is left to the trial court's informed discretion and must be decided on a case by case basis. See Idzojtic v. Pennsylvania R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972) ("[t]he district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages"). In exercising its discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984). The moving party bears the burden of establishing that bifurcation is appropriate. Innovative Office Prods., Inc. v. Spaceco, Inc., No. 05-cv-4037, 2006 U.S. Dist. LEXIS 29439, at *1 (E.D. Pa. May 15, 2006).

The United States Court of Appeals for the Third Circuit has held that "this court has heretofore cast its lot with the views expressed by the Advisory Committee that bifurcation 'be encouraged where experience has demonstrated its worth,' but that 'separation of issues for trial is not to be routinely ordered.'" Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978). The Court of Appeals for the Third Circuit has also noted that "bifurcation is appropriate where litigation of one issue ... may eliminate the need to litigate a second issue." In re Bayside Prison Litig., 157 F. App'x 545, 547- 48 (3d Cir. 2005). However, bifurcation is certainly not required in circumstances where the "issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials." Id. at 548. Indeed, bifurcation "remains the exception rather than the rule." Sprinturf, Inc. v. Southwest Recreational Indust., Inc., No. 01-7158, 2004 U.S. Dist. LEXIS 785, at *1 (E.D. Pa. Jan. 15, 2004) (citing Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000)).

In considering the instant Motion to Bifurcate, it must be noted at the outset that the remaining claims to be tried before the jury in this case are excessive force and assault and battery. In deciding the excessive force claims, the jury will be instructed to consider the reasonableness of the conduct of Defendant Derbish under the circumstances and from the perspective of a reasonable police officer at the scene of the traffic stop at issue. Graham v. Connor, 490 U.S. 386, 396-397 (1989). As such, "[d]etermining the nature and quality of the intrusion by the officers must include consideration of the severity of any injury inflicted. Evidence of plaintiff's injuries is relevant to the issue of whether the force used by the officers was excessive. Potentially, the evidence is intertwined. Bifurcation would require the court and the parties to draw lines between what evidence is relative to damages verses what evidence is relative to liability. Given the nature of excessive force claims, this can prove particularly

5

difficult and risks prolonging the trial or even requiring a second trial." Greene v. City of Green Bay, No. 08-C-219, 2009 U.S. Dist. LEXIS 61160, at *3 (E.D. Wis. July 8, 2009).

The Court takes note of the decision of the United States Court of Appeals for the Sixth Circuit in Martin v. Heideman, 106 F.3d 1308 (6th Cir. 1997), relative to the trial of a case involving allegations of police officers using excessive force while arresting plaintiff for a misdemeanor offense. In that case, the district court bifurcated liability and damages at trial. On appeal, Plaintiff argued that the district court denied him substantial justice by excluding evidence of the full extent of his injuries. The Sixth Circuit agreed with the Plaintiff and found that the district court had abused its discretion by bifurcating the trial. The Sixth Circuit held:

> When the district court limited the evidence of the severity of Martin's injury to evidence collected immediately after the incident, it ignored the fact that the severity of an injury may not be apparent immediately after an accident. For example, an apparently bruised or sprained leg that does not seem to warrant treatment might later reveal fractures indicative of a more severe blow. Such evidence would clearly be relevant to establish the amount of force used. Similarly, evidence of a plaintiff's psychological injury may reflect on the severity of the force used. And, although a defendant may may be able to argue that he or she did not cause the subsequently appearing physical or psychological injuries, the causation question is one for the jury. In this case, the district court's attempt to draw the line excluding all evidence beyond the emergency room notes was error, requiring reversal. Moreover, because the extent of plaintiff's damages was relevant to the question of liability, the district court abused its discretion by bifurcating the trial.

Id. at 1312.

In this District, United States District Court Judge Arthur J. Schwab denied a motion to bifurcate the trial of a Section 1983 excessive force case. The case involved a traffic stop, allegations that defendants repeatedly physically struck plaintiff and the use of tasers. Plaintiff was taken to a nearby hospital for medical care. In denying the request for bifurcation, Judge Schwab held that: "[t]his Court finds that it would not promote judicial economy to bifurcate this trial given that the issues are so closely interwoven that Plaintiff would have to present the

6

same evidence in separate trials. Further, this Court finds no evidence or argument suggesting that the jury could not compartmentalize the evidence presented." Palmer v. Nassan, No. 10-0922, 2011 U.S. Dist. LEXIS 5836, at *2 (W.D. Pa. Jan. 20, 2011).

Similarly, in another excessive force case arising from a pat and frisk, the United States District Court for the Western District of New York held:

> As noted by the Second Circuit in Kerman, it is possible that the jury may determine that all of the force used by the defendants was justified, that none of the force used by the defendants was justified; or that some of the force was justified and some not justified. The jury deciding damages in this case will have to be presented with evidence relating to the facts and circumstances surrounding the underlying altercation (in effect, the evidence presented during the trial on liability) to determine which injuries, if any, were the result of the excessive use of force.

Tafari v. Goord, No. 06-331, 2011 U.S. Dist. LEXIS 118871, at *13 (W.D.N.Y. Oct. 14, 2011). In denying the motion to bifurcate, the court ruled that "in light of the interwoven nature of the liability and damages in this case, and the fact that many of the issues relating to plaintiff's injuries must necessarily be explored during liability at trial, it does not appear that bifurcation would likely save significant resources or increase juror comprehension." Id. at *13-14.

In considering the facts of this case and the remaining claims of Section 1983 excessive force and assault and battery to be tried before the jury in the context of the relevant precedent and decisions cited above, the Court agrees with Plaintiff and finds, first and foremost, that the issues of liability and damages in this case are closely interwoven. The nature and extent of Plaintiff's injuries must necessarily be explored during the liability of phase of this case. Contrary to Defendants' argument, the liability issues are not separate and distinct from damages sustained by Plaintiff. Second, Defendants have not established any actual unfair prejudice. Third, the jury can reasonably concentrate on and comprehend the issue of liability, especially in the context of the three remaining claims as to only two remaining Defendants. Fourth, given the

interwoven issues of liability and damages, it does not appear that bifurcation would save significant resources or result in any substantial judicial economy.

## IV. CONCLUSION

For the reasons set forth herein, the Court concludes that Defendants have failed to meet the requisite burden to justify bifurcation of the trial of this case. Accordingly, the Court exercises its discretion and the Motion to Bifurcate, ECF No. 275, is denied.

Dated: August 4, 2017

BY THE COURT,

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE