IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON D. FORD,<br>    Plaintiff,<br><br>vs.<br><br>POLICE OFFICER DAVID DERBISH<br>    Defendant.<br><br><br>POLICE OFFICER DAVID DERBISH,<br>    Cross-Claim Plaintiff,<br><br>vs.<br><br>CITY OF PITTSBURGH,<br>    Cross-Claim Defendant. | Civil Action No. 13-1364<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br><br>Re: ECF No. 502 |

## ORDER

Presently before the Court is Defendant's Motion for Reconsideration, ECF No. 502, and Plaintiff's Response to Defendant Derbish's Motion to Reconsider, ECF No. 504.

As the parties and their counsel are well aware, the instant action was filed on September 13, 2013. ECF No. 1. In the over four-year history of this case, which involves over 500 docket entries, the Court has dealt with a multitude of motions, considered and ruled on over 35 motions in limine and related briefing, conducted all pretrial proceedings and presided over a more than three-week jury trial of this case. During this course of time, the parties, through their counsel, have raised, and at times raised again, all possible issues.

Following the conclusion of the first trial on October 10, 2017, at which the jury deadlocked on the issue of whether Defendant David Derbish used excessive force in shooting Plaintiff Leon Ford in violation of his rights under Section 1983 of the Civil Rights Act and the

Fourth Amendment of the United States Constitution, this Court conducted a 90-minute status conference on October 20, 2017, with counsel to discuss the retrial and the scheduling of the same. ECF No. 496. The Court clearly informed counsel for both sides[1] that the retrial will not involve new evidence, witnesses or issues and that the rulings on the motions in limine remain the same. Id.

Despite the Court's rulings during the October 20, 2017, status conference, on November 20, 2017, remaining Defendant David Derbish filed the instant Motion for Reconsideration seeking to file new motions in limine, new jury instructions and a new verdict slip, all of which he states "will be materially different from the first trial in this matter." ECF No. 502 ¶¶ 19, 21. Defendant Derbish does not specify the subject matter of the new proposed motions in limine or jury instructions.

As a general rule,

> District courts have the discretion to admit or exclude new evidence on retrial. See Habecker v. Clark Equip. Co., 36 F.3d 278, 288 (3d Cir. 1994) ("Habecker III"); see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co., 195 F.3d 765, 774 (5th Cir. 1999); Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1449 (10th Cir. 1993); 11 Charles Alan Wright, Arthur R. Miller, and Kay Kane, Federal Practice and Procedure, § 2803, at 50 (2d ed. 1995). The Court must be guided by considerations of fairness to the parties, see Martin's Herend Imports, 195 F.3d at 774; Cleveland, 985 F.2d at 1449-50, and avoid undue prejudice to either party. See Habecker v. Clark Equip. Co., 942 F.2d 210, 218 (3d Cir. 1991) ("Habecker II"). **Only where a court perceives a manifest injustice in limiting evidence at retrial must it allow additional testimony and exhibits.** See Martin's Herend Imports, 195 F.3d at 775.

Total Containment, Inc. v. Dayco Prods., 177 F. Supp. 2d 332, 338 (E.D. Pa. 2001) (emphasis added).

---

[1] In the Motion for Reconsideration, Defendant appears to imply that the Court has abandoned its proper neutral role and displayed favoritism to one party, ECF No. 502 ¶¶ 13, 25. This implication is not accurate as the Court has not favored either party, permitting no additional pre-trial filings from either side.

2

As discussed during the status conference, there is no need for this Court, nor is it in the interests of the efficient administration of justice, to allow either party to relitigate issues already thoroughly reviewed and decided by the Court. Further, nothing set forth in Defendant's Motion for Reconsideration indicates that additional pre-trial evidentiary rulings are necessary to prevent a manifest injustice.

The only difference between the first trial and the second trial will be that the claims have been narrowed. The new trial will not include Plaintiff's claim of assault and battery (Count VI) against former Defendant Andrew Miller, which was not the primary claim of Plaintiff, the primary claim being the excessive force claim against Defendant Derbish (Counts I and II) in shooting Plaintiff. Accordingly, it is the intention of this Court to revise the jury instructions that were used during the first trial to exclude reference to then Defendant Andrew Miller and to the assault and battery claim. Similarly, as to the verdict slip, it is the intention of this Court to revise the verdict slip that was used during the first trial to exclude reference to then Defendant Andrew Miller and to the assault and battery claim. As is the practice of this Court, and as followed in the first trial, all counsel will be provided with copies of the jury instructions and the verdict slip prior to the closing arguments and given the opportunity to raise any objections.

AND NOW, this 5th day of December, 2017, upon consideration of Defendant's Motion for Reconsideration, ECF No. 502, and Plaintiff's Response to Defendant Derbish's Motion to Reconsider, ECF No. 504, IT IS HEREBY ORDERED that the Motion for Reconsideration is DENIED.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record via CM-ECF