IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON D. FORD,<br>    Plaintiff,<br><br>vs.<br><br>POLICE OFFICER DAVID DERBISH<br><br>    Defendant.<br><br>POLICE OFFICER DAVID DERBISH,<br>    Cross-Claim Plaintiff,<br><br>vs.<br><br>CITY OF PITTSBURGH,<br>    Cross-Claim Defendant. | Civil Action No. 13-1364<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 499 |

## **MEMORANDUM ORDER**

Presently before the Court is a Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) ("the Motion") filed by Defendant David Derbish ("Defendant") and a Brief in Support. ECF Nos. 499-500. Also before the Court is a Response and Brief in Opposition filed by Plaintiff Leon D. Ford ("Plaintiff"). ECF Nos. 507-508. Defendant's Motion follows the October 10, 2017, conclusion of a trial at which the jury failed to reach a verdict as to Defendant's liability. ECF No. 493. A second trial is scheduled to begin on January 22, 2018. ECF No. 498.

A motion pursuant to Federal Rule of Civil Procedure 50(b) "should be granted only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief. In reviewing the record, we must view the evidence

in the light most favorable to the nonmovant ... and must give the nonmovant the advantage of every fair and reasonable inference." Roberts Tech. Grp., Inc. v. Curwood, Inc., 695 F. App'x (3d Cir. 2017) (citations and quotation marks omitted).

Defendant's Motion is based on an assertion of qualified immunity. ECF No. 499 ¶ 3. Defendant previously asserted the application of qualified immunity in a pre-trial Motion for Summary Judgment, ECF No. 180, and in a Motion for Judgment as a Matter of Law pursuant to Rule 50(a) following the close of Plaintiff's case in chief at trial. ECF No. 477. Both of those motions were denied as to the issue of qualified immunity. ECF Nos. 206-207 and 479.

In disposing of the relevant Motion for Summary Judgment, this Court held:

> Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The United States Supreme Court has set forth a two-step objective reasonableness test to determine whether qualified immunity should be granted. Saucier v. Katz, 533 U.S. 194, 200-01 (2001); see also Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004). "First, the court must consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right." Kopec, 361 F.3d at 776 (citing Saucier, 533 U.S. at 201). If "'a violation could be made out on a favorable view of the parties' submissions," the court must determine "'whether the right was clearly established.'" Id. (quoting Saucier, 533 U.S. at 201). "'The relevant dispositive inquiry' in making this determination is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Saucier, 533 U.S. at 202).
>
> In this case, the Officers' argument for qualified immunity purports to be based on facts as seen in the light most favorable to Plaintiff. ECF No. 181 at 9. It is not. A thorough review of the summary judgment filings by the Officers reveals that their argument for qualified immunity is based on disputed facts, *e.g.*, the uncertainty over Plaintiff's identity, the observance of a bulge in Plaintiff's sweatpants and other critical facts, viewed in the light *least* favorable to Plaintiff. Id.
>
> Viewing the facts in the light most favorable to Plaintiff, as is proper to undergo the first step outlined above in Saucier, the Court finds that the jury could conclude that the Officers used excessive force [footnote omitted]

2

against Plaintiff. The facts presented in the record do not clearly establish that every reasonable officer would have used the level of force employed by the Officers in the traffic stop, shooting and arrest of Plaintiff.

The second step outlined above requires a determination of "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." Kopec, 361 F.3d at 776 (citing Saucier, 533 U.S. at 202). "In other words, there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." Mammaro v. N.J. Div. of Child Prot. and Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (citing McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001)).

Here, the Officers claim that they are entitled to qualified immunity because the Officers "acted reasonably in response to the circumstances surrounding the incident." ECF No. 181 at 3. [footnote omitted] However, the Officers concede that "there is no case law notifying the Defendants that their actions would result in the violation of an individual's rights and putting such a notice beyond debate." Id. at 4. See also ECF No. 180 ¶ 5.

In this context, the United States Court of Appeals for the Third Circuit has interpreted the second factor broadly. Kopec, 361 F.3d at 778 (quoting Burns v. County of Cambria, 971 F.2d 1015, 1024 (3d Cir. 1992)). If no case directly speaks to the legality of the officers' conduct, the challenged conduct would need to be such that "reasonable officers in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct was lawful." Giuffre v. Bissell, 31 F.3d 1241, 1255 (3d Cir. 1994) (quoting Good v. Dauphin Cty. Social Servs. for Children & Youth, 891 F.2d 1087, 1092 (3d Cir. 1989)). "Reasonableness under the second factor [of the qualified immunity analysis] is an issue of law for the district court to determine; however, if there are facts material to the determination of reasonableness in dispute, then that issue of fact should be decided by the jury." Barton v. Curtis, 497 F.3d 331, 335 (3d Cir. 2007) (citing Sharrar v. Felsing, 128 F.3d 810, 826-28, 832 (3d Cir. 1997) (citation omitted)).

In the instant case, there are multiple facts material to the determination of reasonableness that remain in dispute, including, but not limited to: (1) the nature of Plaintiff's conduct resulting in the traffic stop; (2) whether Plaintiff posed any threat during the traffic stop; (3) why the Officers continued to detain Plaintiff after his identity was confirmed; (4) whether there was a bulge in Plaintiff's pants; (5) why Defendant Derbish climbed into Plaintiff's vehicle in violation of the Pittsburgh Bureau of Police General Orders; and (6) what caused Plaintiff's vehicle to move forward. These disputes should be resolved by a jury, not the Court.

3

Because resolution of these issues implicates "disputes over facts that might affect the outcome of the suit under the governing law," Anderson [v. Liberty Lobby, Inc.], 477 U.S. [242] at 248 [(1986)], the entry of summary judgment on qualified immunity is not appropriate at this time.[fn] As such, the Officers are not entitled to summary judgment as a matter of law on this issue.

[fn] See Barnes v. Edwards, Civ. A. 13-4239, 2016 U.S. Dist. LEXIS 82343, at *5 (D.N.J. June 24, 2016) (denying summary judgment on qualified immunity because factual disputes remained regarding reasonableness of defendants' conduct during arrest); Garey v. Borough of Quakertown, Civ. A. No. 12-799, 2013 U.S Dist. LEXIS 91798, at *15-16 (E.D. Pa. Jul. 1, 2013) (denying summary judgment on qualified immunity defense because factual disputes about reasonableness of officer's conduct remained); Shultz v. Carlisle Police Dep't, 706 F.Supp.2d 613, 624 (M.D. Pa. 2010) (denying summary judgment on qualified immunity because factual disputes remained about whether a reasonable officer would have acted the same way); Wilhere v. Delaware Cnty., Civ. A. No. 09-22, 2010 U.S. Dist. LEXIS 31896, at *20-21 (E.D. Pa. Apr. 1, 2010) (denying summary judgment on qualified immunity defense because factual disputes remained about reasonableness of officer's conduct); Reynolds v. Smythe, 418 F.Supp.2d 724, 735 (E.D. Pa. 2006) (denying summary judgment on qualified immunity because factual disputes remained about how the actual incident occurred).

ECF No. 206 at 8-11.

In ruling on the Rule 50(a) motion, made by Defendant at the close of Plaintiff's case in chief, the Court held, in pertinent part:

> I am concluding that those facts that I identified in the motion for summary judgment opinion remain to be disputes of material facts and will need to be resolved by the jury, not the Court.
>
> Today, I find, in viewing the evidence in the light most favorable to the plaintiff, Mr. Ford, that there are a multitude of questions of fact that are material to the determination of the reasonableness of Defendant Derbish's conduct, which remain in dispute at this point in the trial, including, but not limited, to the following.
>
> One, the nature of plaintiff's conduct resulting in the traffic stop.
>
> Two, the severity of the alleged crime at issue.
>
> Three, the reasonableness of the officers' conduct leading up to the stop.
>
> Four, why the officers continued to detain plaintiff after his identity was confirmed with his license, pink ownership document, and proof of insurance.

Five, why Defendant Derbish was called to the scene to identify Leon Ford as Lamont Ford, that he never went to the driver side window to look in and identify Leon Ford.

Six, why if the officers thought Leon Ford was not Leon Ford, that they did not question him on the contents of his identifying license and materials.

Next, seven, I note that the evidence has indicated that none of the three officers accessed any identifying personal information as to Lamont Ford to compare it to Leon Ford.

Next, there is an issue of fact for the jury to determine why Leon Ford was detained as possibly Lamont Ford when the computer database on the night in question did not show any active warrant for Lamont Ford.

Also, there is an issue of fact as to why these officers violated general orders, a number of them the evidence has been introduced on, including the testimony in great detail by RaShall Brackney, including both sets of all of the officers, Derbish and Kosko, leaving their microphones in the cruisers at the time of the stop.

There's also an issue of material fact as to why the officers used profanity and engaged in conduct repeatedly escalating the circumstances of the stop.

There's also a question of material fact as to whether there was a six-inch bulge in plaintiff's pants or whether that was a story that was created after the shooting.

The next issue of material fact is what formed the basis of Defendant Derbish's perception of a six-inch long bulge in Leon Ford's pant leg. If there was a gun, the issue of fact is why defendants didn't change the code of the stop and/or assume cover positions or assume felony car stop protocol as Attorney Cagle noticed.

In addition, there's a material fact question of if there was a bulge appearing to be a gun, was it reasonable for Defendant Derbish to climb into the front seat of Leon Ford's car if he actually saw a gun or what appeared to be a gun.

Next is an issue of fact as to why Mr. Derbish climbed into the front seat in violation of general orders.

Additional issues of material fact to be decided by the jury as to the reasonableness of conduct as required by Graham,[1] Patrick,[2] and most

---

[1] Graham v. Connor, 490 U.S. 386, 396-97 (1989).
[2] Patrick v. Moorman, 536 F. App'x 255 (3d Cir. 2013).

5

> recently in Davenport,[3] additional issues of material fact are what caused Mr. Ford's vehicle to move forward. Attorney Cagle noted that in his deposition Defendant Derbish, he didn't know what caused the vehicle to move. Also, whether the right passenger door closed when the car moved forward or whether Defendant Derbish's foot was dragged.
>
> Also, questions as to why a Taser was not used instead of deadly force and why Defendant Derbish did not order plaintiff to stop the moving car before shooting plaintiff multiple times.
>
> Also, in light of considering the findings of the C[I]RB, that that conduct of the officers violated multiple police general orders, policies and procedures.
>
> Based on these issues of material fact, which I have identified, these are not an all-inclusive list, but they are just a number of the significant questions of material fact as to the reasonableness of the conduct at issue.
>
> Therefore, because there are significant and many questions of material fact for the jury to decide as to reasonableness and because, under the governing law, a verdict other than the one sought by Defendant Derbish would [not] be erroneous, this Court, as a matter of law, denied defendant's request for a Rule 50 motion on the issue of qualified immunity.

Trial Transcript, 9/28/17.

Following the deadlock of the jury as to the claim against Defendant Derbish, Defendant again argues that he is entitled to qualified immunity on two bases: (1) he did not violate Plaintiff's constitutional rights; and (2) it was not clearly established on the date of the incident that Defendant's conduct violated Plaintiff's constitutional rights.

In making his first argument, Defendant again, as he did in the prior Motion for Summary Judgment, fails to represent the facts and every fair and reasonable inference therefrom in the light most favorable to Plaintiff as the nonmovant. Defendant characterizes the relevant situation thusly: "Officer Derbish was the hostage in a recklessly driven vehicle under the control of a person escaping from a lawful traffic stop, where Officer Miller was lawfully attempting to remove that person from the vehicle." ECF No. 500 at 8. At a minimum, the use of the terms

---

[3] Davenport v. Borough of Homestead, 870 F.3d 273 (3d Cir. 2017).

6

"hostage," "driven," "control," and "escaping," indicates that existing factual disputes as to what occurred in the critical moments when Plaintiff and Defendant were inside of the vehicle have been resolved in favor of Defendant, not Plaintiff. Accordingly, because this argument is contrary to the applicable standard of review, it cannot provide a basis upon which to grant the instant Motion.

In his second argument, Defendant asserts that he did not violate any of Plaintiff's rights that were clearly established on the date of the incident. Id. at 15. Defendant cautions the Court that it must "identify a fact pattern in a previous case such that it squarely governed the episode-in-suit" and not rely on "vaguely identify purported constitutional 'rights' only a high level of generality." Id. at 11. The Court finds guidance in the recent case of Kedra v. Schroeter, No. 16-1417, 2017 U.S. App. LEXIS 23982 (3d. Cir. Nov. 28, 2017). Therein, the United States Court of Appeals for the Third Circuit explained:

> [I]t need not be the case that the exact conduct has previously been held unlawful so long as the "contours of the right" are sufficiently clear, Anderson [v. Creighton], 483 U.S. [635] at 640 [1987], such that a "general constitutional rule already identified in the decisional law" applies with "obvious clarity," Hope [v. Pelzer], 536 U.S. [730] at 741 [2002]. "If the unlawfulness of the defendant's conduct would have been apparent to a reasonable official based on the current state of the law, it is not necessary that there be binding precedent from this circuit so advising." Brown v. Muhlenberg Twp., 269 F.3d 205, 211 n.4 (3d Cir. 2001). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances," because the relevant question is whether the state of the law at the time of the events gave the officer "fair warning." Hope, 536 U.S. at 741.

Kedra, 2017 U.S. App. LEXIS 23982 at *38.

Thus, even if no fact pattern in a previous case squarely governs the issue, Defendant still may not be entitled to qualified immunity if a general constitutional rule already identified

7

applies with obvious clarity. See also Kopec, 361 F.3d at 778; Burns, 971 F.2d at 1024; Giuffre, 31 F.3d at 1255; Good, 891 F.2d at 1092.

Nonetheless, Defendant argues that he "did not violate any rights of Mr. Ford that were clearly established on the date of the incident," concluding that he has complete immunity for "the use of deadly force in circumstances where an officer has an objective basis to fear serious bodily injury either to himself and others...." ECF No. 500 at 15. However, as Plaintiff points out, if disputed, historical facts material to the objective reasonableness of the officer's conduct exist, so, too, does a jury issue. ECF No. 507 at 20 (citing Curley v. Klem, 298 F.3d 271, 278-82 (3d Cir. 2002) (holding that, "a decision on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis" and "that the existence of disputed, historical facts material to the objective reasonableness of an officer's conduct will give rise to a jury issue."))

As set forth above, this Court has twice held that the issue of qualified immunity as to Defendant cannot be determined by the Court without findings by a jury as to multiple material historical facts. Because a jury has not made any such findings of fact, the relevant questions of fact surrounding the interaction between Plaintiff and Defendant remain unanswered. Thus, this Court remains unable to grant Defendant qualified immunity and, in turn, unable to grant Defendant's Motion for Judgment as a Matter of Law Pursuant to Rule 50(b).

AND NOW, this 12th day of December, 2017, for the reasons set forth herein, Defendant's Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b), ECF No. 499, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record via CM-ECF